# William M. Morgan *v.* John B. Love and S. Arthur Love, trading as John B. Love & Co., Appellants.

*Contract—Time essence of contract.*

In an action to recover the contract price of packing a large quantity of tea, the defendants claimed that it was agreed that the goods should be packed ready for shipment in about two weeks, but that plaintiff had not delivered them for over a month afterwards, and that in consequence of this delay defendants were subjected to loss from salary paid salesman and by customers countermanding their orders. Plaintiff testified that he had stated to defendants that the work would take about two weeks, but that he was not aware that there was any great and vital necessity for having it ready at that particular time, and that the defendants delayed him in his work. *Held*, that it was for the jury to determine the facts under the conflicting evidence whether time was of the essence of the contract, and also whether defendants by their action delayed the plaintiff's work.

Argued Jan. 21, 1896. Appeal, No. 473, Jan. T., 1895, by defendants, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1892, No. 580, on verdict for plaintiff. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover the contract price of packing five thousand pounds of tea. Before BIDDLE, J.

The defendants pleaded non assumpsit, payment and set-off.

At the trial plaintiff put in evidence his book account and rested. Evidence was offered on behalf of the defendants that the order was placed with plaintiff upon his express assurance that he would be prepared to pack the tea within about two weeks of receipt of order, that the order was placed with plaintiff upon May 1, 1889, and owing to his inability to get ready to pack, and various delays incident to the packing, the first shipment did not get off till July 2, from which date shipments were made at irregular intervals until the middle of August, and that by reason of such delay defendants had lost in salary paid a traveling salesman engaged expressly to sell this tea, and in depreciation of value of tea thrown back upon their hands by customers who countermanded orders, about $1,600, for which sum they claimed a certificate. Plaintiff's testimony in rebuttal is recited in the charge to the jury.

The court charged in part as follows:

[The plaintiff, however, contends in this case that he did agree as was stated in his first letter, that it would take about two weeks, not binding himself to any specific time, but speaking generally, as people do, that it would be about that time that it would be ready; and that he was not aware, and did not understand that there was a great and vital necessity for having them ready at that particular time. He didn't seem to understand that it was so essential to the contract. . . .

Now that is the question which was raised for you to decide in this case. If you think this was vital on a certain day, and that it was the plaintiff's fault in not delivering them, then the damages which are asked for I think they are entitled to receive. On the other hand, if you believe it was not understood to be a vital matter in the contract, and that the defendants delayed giving him these papers and it was their fault, of course that

would not affect the plaintiff's claim.] [1]   If the delay was caused by the defendants, of course there would be no defense in this case.

[He also contends that in point of fact it would have been ready if it had not been for the action of the defendants.   He contends that the getting up of this plate was to be attended to by the defendants, and that it was on the 1st of June that he sent the proofs of this to the defendants, and only got them back on the 13th of June, and he at once began packing it on the 18th, and on the 2d of July he shipped his first shipment.   He contends, therefore, that he has complied with it, and that the delay was entirely caused by the action of the other side. . . . If you believe . . . . that the defendants delayed in giving him these papers and it was his fault, of course that would not affect the plaintiff's claim.] [2]

Verdict and judgment for plaintiff for $346.84.   Defendants appealed.

*Errors assigned* were (1, 2) portions of charge as above, quoting them.

*Howard Wurtz Page*, of *Page, Allinson & Penrose*, for appellants.—When the charge clearly tends to mislead by drawing the minds of the jury away from the true point of inquiry or putting aside a material aspect of the case, judicial notice will be taken of it: Pa. R. R. v. Berry, 68 Pa. 272; Tietz v. Traction Co., 169 Pa. 516 ; Harrisburg Bank v. Forster, 8 Watts, 304.

An erroneous statement of the evidence upon the pivotal fact in the case, in the charge to the jury, is a cause of reversal, even when inadvertently made and inconsistent with prior parts of the charge, as the influence which such statement may have had with the jury cannot be determined: Steinbrunner v. Pittsburg etc. Ry. Co., 146 Pa. 504; Phila. etc. R. R. v. Alvord, 128 Pa. 42; Collins v. Leafey, 124 Pa. 203 ; Fawcett v. Fawcett, 95 Pa. 376.

*Horace M. Rumsey*, *William C. Duror* with him, for appellee.—Where time of performance is made a material and essential part of the contract it must arise from the express understand-

·ing of the parties or plainly be indicated by attending circumstances: D'Arras v. Keyser, 26 Pa. 249 ; Wharton on Contracts, sec. 215 ; Clason v. Smith, 3 Wash. C. C. 156 ; Shaw v. Turnpike Co., 2 P. & W. 454.

PER CURIAM, February 3, 1896 :

Plaintiff's right to recover in this case depended on questions of fact which were clearly for the jury. They were fairly submitted by the learned trial judge with instructions which appear to be fully adequate and free from error; and the controlling facts were found, as the verdict necessarily implies, in favor of the plaintiff. Considered in connection with other portions of the charge, the excerpts recited in the specifications of error are neither inaccurate nor misleading. There is nothing in either of them that requires further notice. They are both dismissed.

Judgment affirmed.